UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEBASTIAN ZIGA, ) | |
| ) | CASE NO. C05-0816-RSL-MJB |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING STAY |
| MICHAEL CHERTOFF, ) | OF REMOVAL |
| ) | |
| Respondent. ) | |

On May 2, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal to Ghana. (Dkt. #1). At the same time, petitioner filed an emergency Motion for Stay of Deportation, indicating that he is to be deported from the United States today, May 2, 2005. (Dkt. #2 at 1). Respondent objects to petitioner's motion for stay contending that "petitioner gives no indication that he has any defense to the fundamental issue regarding his continued presence in the United States, which is that he has overstayed his visa now more than six years." (Dkt. #3 at 3). Accordingly, respondent argues that there is no showing of the probability of success on the merits.

Having reviewed petitioner's motion for a stay of deportation, and the balance of the record, the Court does hereby find and ORDER:

(1) Petitioner's motion for a stay of deportation is DENIED. The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v.*

ORDER DENYING STAY OF REMOVAL
PAGE – 1

1 *Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc) (concluding that § 1252(f)(2) does not
2 limit the power of federal courts to grant a stay of removal).  Under *Abassi*, petitioner must show
3 either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2)
4 that serious legal questions are raised and the balance of hardships tips in petitioners favor.
5 *Abassi*, 143 F.3d at 514.  The Court finds that petitioner meets neither of these prongs at this
6 time.

7     Petitioner is a native and citizen of Ghana who was admitted to the United States on or
8 about November 17, 1998, as a non-immigrant visitor with authorization to remain in the country
9 until February 6, 1999.  On May 8, 2003, the Service issued a Notice to Appear, charging
10 petitioner with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act,
11 in that petitioner had remained in the United States for a time longer than permitted.  On
12 February 10, 2004, petitioner was ordered removed *in absentia* after failing to appear at his
13 removal hearing.  On February 17, 2005, one year later, petitioner filed a motion to reopen based
14 on "exceptional circumstances."  On March 9, 2005, an Immigration Judge ("IJ") in Detroit,
15 Michigan denied petitioner's motion to reopen, finding that petitioner had failed to demonstrate
16 exceptional circumstances to excuse his failure to appear.  On April 8, 2005, petitioner filed a
17 motion for reconsideration of the IJ's denial, alleging that the death of his father in Ghana on the
18 date of his removal hearing constituted "exceptional circumstances" for his failure to appear at
19 his removal proceedings, and alleging ineffective assistance of his former counsel for failing to
20 raise this argument in his motion to reopen.  (Dkt. #1).

21     Aside from the aforementioned facts alleged in petitioner's habeas petition, petitioner has
22 not indicated the likelihood of success on the merits of any claim, nor has he raised substantial
23 legal issues.  Therefore, petitioner has provided no argument to support this Court's grant of a
24 stay of his removal.

25     (2)  The Court expresses no views at this time as to the merits of petitioner's habeas
26 petition.

ORDER DENYING STAY OF REMOVAL
PAGE – 2

1      (3) The Clerk shall direct a copy of this Order to all counsel of record, and shall forward a
2 copy of this Order to Judge Benton.

4      DATED this 2nd day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Recommended for Entry
this 2nd of May, 2005.

s/ Monica J. Benton
MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING STAY OF REMOVAL
PAGE – 3